IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

WALTER B. NOEL IV

and

ALEXIS FOX

    Plaintiffs,

vs.

FEDERAL HILL APARTMENTS OWNER, LLC
12765 W. Forest Hill Blvd. Ste. 1307
Wellington, FL 33414
    Serve on:
    CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, Maryland 21202

and

HUNTER WARFIELD, INC.
7600 Wisconsin Ave. #700
Bethesda, MD 20814
    Serve on:
    CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, Maryland 21202

    Defendants.

CASE NO.:

## COMPLAINT WITH JURY DEMAND

### A. - The Parties

1.     This is an action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees brought by Plaintiffs, Walter B. Noel IV and Alexis Fox (Tenants) Against their former landlord, Federal Hill Apartments Owner, LLC (Landlord) and Landlord's collection agency, Hunter Warfield, Inc. (Debt Collector). Tenants leased apartment no. 711 (Apartment) advertised as "new" in Landlord's building at 1110 Key Highway in Baltimore City, but quickly discovered that neither the apartment nor the building were ready for occupancy, with misaligned cabinets, broken light fixtures, improperly-installed appliances malfunctioning garage gates, and repeated outages of power and air conditioning. When these problems were

brought to Landlord's attention, Landlord's agents threatened and physically assaulted Mr. Noel, and told him he was the cause of the electrical and air conditioning problems. When Tenants continued to report interruptions to their electricity and air conditioning, Landlord's agent twice threatened to evict Tenants. Tenants eventually had no choice but to move out of a sporadically unpowered and uncooled apartment and notified Landlord that they were represented by an attorney. Landlord then engaged Debt Collector to harass tenants by repeatedly calling their cellphones even though they were known have an attorney. The pattern of conduct engaged in by Landlord and Debt Collector violated tenants' rights under Maryland's landlord-tenant code, the debt collection practices law of the United States, Maryland, and Florida and the telecommunications law of the United States.

2. Mr. Noel is a natural person who resides in Maryland.

3. Ms. Fox is a natural person who resides in New York, where she moved on August 1, 2020 after she was constructively evicted from the Apartment.

4. Defendant, Landlord, is a Delaware Limited Liability Company with its principal place of business in Florida.

5. Defendant Debt Collector is a corporation organized under the laws of Maryland with its principal place of business in Florida that is engaged in the business of collecting consumer debts.

**B. — The Apartment**

6. As of May 22, 2020 Landlord and Tenants entered into a one year lease (Lease) for the Apartment, a true and correct copy of which is attached hereto as Exhibit A.

7. The Lease was executed on Landlord's behalf by its agent Jodi Collins (Collins).

8. Upon moving into the apartment Tenants immediately discovered the misaligned cabinets and broken fixtures and reported them to Collins.

9. Immediately on moving in Tenants advised Landlord's agent William Governor (Governor) that the refrigerator was making a loud and persistent rattling noise. Governor told Tenants that the noise was made by the icemaker and declined to further investigate or repair the refrigerator.

10. Mr. Noel examined the refrigerator and determined that the appliance had bolts which had not been properly installed. In order to stop the noise Tenants wedged a mint container into the rattling unit.

11. After three weeks of occupancy the Apartment air conditioner began randomly shutting off and resetting to 85 degrees.

12. Tenants reported the air conditioner malfunction to Governor, who reset the system, told Tenants that they had programmed it incorrectly and declined to further investigate or repair it.

13. When the air conditioning malfunctions continued, Tenants reported them to Collins, who told them that they had programmed the unit incorrectly.

14. Air conditioning and electric outages occurred in the Apartment each day from July 4-6, 2020. Tenants reported each outage to Collins.

15. Collins finally engaged an HVAC contractor to address the issue on July 8, 2020.

16. The contractor determined that an issue with the building's power feed was involved. However, Landlord's agents did not make the building's electric supply available to Baltimore Gas & Electric when BGE sent a repair crew.

17. The air conditioning and electric outages continued through the month of July, 2020 and occurred on days when the outside temperatures exceeded 95 degrees.

18. Tenants, who were often required to work from home due to pandemic restrictions, determined as of July 31, 2020 that they would not receive consistent electric service in the apartment and moved out.

### C. – The Assault on Mr. Noel

19. In June, 2020 Mr. Noel passed Governor on his way to the building elevator. Mr. Noel told Governor that Mr. Noel was disappointed that the building's common rooftop deck was closed to tenants and that Mr. Noel would discuss his concerns with Collins.

20. Mr. Noel then entered the elevator. As the doors were closing Governor yelled "what's your problem," pushed into the elevator, used his forearm to press Mr. Noel against the side of the car, extended two fingers and a thumb in a "gun" gesture pointed at Mr. Noel's eye, and said "you need to chill" and "you need to fix your attitude."

### D. – The Eviction Threats

21. In early July of 2020 Mr. Noel visited Collins in her office to discuss the repeated outages. Collins told Mr. Noel that he was the one causing the problem by programming the air conditioner wrong. She went on to say "I don't like your attitude so how about a 30 day notice to leave?"

22. At 8:14 A.M. on July 6, 2020 Ms. Fox emailed Collins to report that the power had gone out for the third day in a row. Collins responded by threatening to evict both Tenants, stating :"[y]ou will receive a breach of lease notice which may result in a notice to vacate." A true and correct copy of the parties' July 6, 2020 email correspondence is attached as Exhibit B.

23. As pretext for the threat Collins stated that Ms. Fox and Mr. Noel had engaged in "unwarranted confrontation." This pretext was false. Collins threatened to evict Tenants because they kept requesting that their apartment have air conditioning and electricity.

### E. – The Harassment Afterward

24. After Tenants had moved out, their attorney sent Landlord a letter dated August 13, 2020 which informed Landlord that Tenants were represented by an attorney with respect to the Lease. A true and correct copy of the August 13, 2020 letter is attached as Exhibit C.

25. Landlord acknowledged receipt of the August 13, 2020 letter in a letter from its attorney dated September 16, 2020.

26. Landlord and Debt Collector are parties to an agreement which is in those parties' exclusive possession, that provides for (a) Debt Collector to collect alleged debts from consumers on Landlord's behalf and (b) Landlord to provide Debt Collector with attorney contact information regarding targeted consumers.

27. Debt Collector and Landlord by and through its agent Debt Collector telephoned Mr. Noel on his cellular phone for the purpose of harassing Mr. Noel about his early termination of the lease and failure to pay rent for the period after termination.

28. Landlord and Debt Collector, notwithstanding that they knew Mr. Noel to be represented by counsel, telephoned Mr. Noel's cellular phone at least twelve times:

| 9/22/2020 | 5:44 pm | 10/9/2020 | 8:34 am | 10/22/2020 | 2:34 pm |
| 9/26/2020 | 9:20 am | 10/13/2020 | 12:02 am | 10/27/2020 | 5:03 pm |
| 9/30/2020 | 7:48 am | 10/15/2020 | 8:23 am | 10/29/2020 | 8:41 am |
| 10/6/2020 | 11:04 am | 10/20/2020 | 8:28 am | 11/3/2020 | 9:46 am |

29. Debt Collector and Landlord by and through its agent Debt Collector telephoned Ms. Fox on her cellular phone for the purpose of harassing Ms. Fox about her early termination of the lease and failure to pay rent for the period after termination.

30. Landlord and Debt Collector, notwithstanding that they knew Ms. Fox to be represented by counsel, telephoned Ms. Fox's cellular phone at least fourteen times:

| 9/26/2020 | 9:18 am | 10/9/2020 | 8:12 am | 10/22/2020 | 8:24 am |
|---|---|---|---|---|---|
| 9/29/2020 | 8:59 am | 10/9/2020 | 8:19 am | 10/27/2020 | 8:39 am |
| 9/30/2020 | 8:41 am | 10/15/2020 | 4:07 pm | 10/27/2020 | 11:16 am |
| 9/30/2020 | 7:45 pm | 10/16/2020 | 8:16 am | 11/3/2020 | 9:46 am |
| 9/30/2020 | 7:49 pm | 10/20/2020 | 8:31 am | | |
| 10/2/2020 | 8:16 am | 10/20/2020 | 9:04 am | | |

31. Landlord and Debt Collector, notwithstanding that they knew Ms. Fox to be represented by counsel, sent a text message to Ms. Fox's cellular phone on December 28, 2020 at 3:43 P.M, stating "Hunter Warfield a debt collector has a message for you."

## COUNT I – BREACH OF CONTRACT

32. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-23 of this Complaint.

33. By failing to provide an apartment with reliable electric service and air conditioning Landlord breached the covenant of quiet enjoyment implied in the Lease.

34. Mr. Noel and Ms. Fox sustained damages as a result of Landlord's breach, including moving expenses and the cost of substitute living quarters.

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Landlord for damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

## COUNT II – CONSTRUCTIVE EVICTION

35. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-23 of this Complaint.

36. By means of the repeated power outages Landlord constructively evicted Mr. Noel and Ms. Fox without cause or process.

37. Mr. Noel and Ms. Fox sustained damages as a result of Landlord's acts and omissions, including moving expenses and the cost of substitute living quarters.

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Landlord for damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

## COUNT III - RETALIATORY EVICTION OF MS. FOX

38. Ms. Fox incorporates by this reference paragraphs 1-23 of this Complaint.

39. Landlord issued to Ms. Fox the July 6, 2020 threat to issue a notice to vacate to Ms. Fox because Mr. Noel and Ms. Fox had given Landlord actual and written notice of their good faith complaint about the repeated outages of electricity and air conditioning.

40. The repeated outages posed a substantial threat to the health and safety of the Apartment's occupants.

WHEREFORE, Ms. Fox demands judgment against Landlord for actual, statutory and punitive damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

## COUNT IV - RETALIATORY EVICTION OF MR. NOEL

41. Mr. Noel incorporates by this reference paragraphs 1-23 of this Complaint.

42. Landlord issued to Mr. Noel the July 6, 2020 threat to issue a notice to vacate because Mr. Noel and Ms. Fox had given Landlord actual and written notice of their good faith complaint about the repeated outages of electricity and air conditioning.

43. The repeated outages posed a substantial threat to the health and safety of the Apartment's occupants.

WHEREFORE, Mr. Noel demands judgment against Landlord for actual, statutory and punitive damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

## COUNT V – FAIR DEBT COLLECTION PRACTICES ACT ACT

44. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-43 of this Complaint.

45. Debt Collector did not send the notice required by 15 U.S.C. §1692g to Mr. Noel or Ms. Fox within five days after Debt Collector's initial communication with each Tenant, in violation of that provision.

46. By contacting Mr. Noel and Ms. Fox when it knew them to be represented by an attorney, Debt Collector violated 15 U.S.C. §1692c(a)(2).

47. The natural consequence of the direct dunning of and repeated telephone calls to Tenants by Debt Collector when it knew them to have an attorney was to harass Mr. Noel and Ms. Fox, in violation of 15 U.S.C. §1692d.

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Debt Collector for actual, statutory and punitive damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

### COUNT VI – MARYLAND CONSUMER DEBT COLLECTION ACT

48. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-47 of this Complaint.

49. The multiple harassing phone calls placed to Mr. Noel and Ms. Fox by Landlord by and through its agent Debt Collector violate the Md. Code Com. L. Art. §14-202 (6), (8), (11).

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Landlord and Debt Collector for damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

### COUNT VII – MARYLAND CONSUMER PROTECTION ACT

50. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-49 of this Complaint.

51. By violating Md. Code Com. L. Art. §14-202, Landlord and Debt Collector violated Md. Code, Com. L. Art. §13-301(3).

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Landlord and Debt Collector for damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

### COUNT VIII – UNLAWFUL USE OF TELEPHONE EQUIPMENT

52. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-51 of this Complaint.

53. The calls made by Landlord, by and through Landlord's agent Debt Collector, to the cellular telephones of Mr. Noel and Ms. Fox were made without the consent of either Tenant.

54. The telephone calls made to Plaintiffs' cellular telephones were willfully or knowingly made using an automatic telephone dialing system.

55. The telephone calls made to Plaintiffs' cellular telephones were not made for emergency purposes.

56. The telephone calls made to Plaintiffs' cellular telephones violated 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Landlord and Debt Collector for actual, statutory and punitive damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

## COUNT IX – UNLAWFUL RETENTION OF SECURITY DEPOSIT

57. Mr. Noel and Ms. Fox incorporate by this reference paragraphs 1-23 of this Complaint.

58. Landlord retained Tenants' security deposit without complying with the provisions of Md. Code Ann., Real Prop. §§ 8-203 (e), (g).

WHEREFORE, Mr. Noel and Ms. Fox demand judgment against Landlord for actual and statutory damages, pre- and post-judgment interest, costs of suit, and such attorneys fees as are allowed by law.

Wendell Finner
Wendell Finner PC
One East Chase Street, Suite 1109
Baltimore, MD 212222
(410) 929-2440
himself@wendellfinner.com
*Attorney for Plaintiffs*

JURY DEMAND

Plaintiffs demand trial by jury on all claims.

Wendell Finner
Wendell Finner PC
One East Chase Street, Suite 1109
Baltimore, MD 212222
(410) 929-2440
himself@wendellfinner.com
*Attorney for Plaintiffs*